# United States District Court

**EASTERN** District of **CALIFORNIA**



FILED
Oct 20, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Seizure of<br>(*Briefly describe the property to be seized*) | **APPLICATION FOR A WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE** |
| $75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461. | CASE NUMBER:  2:21-sw-0808 CKD |

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the Western District of **TENNESSEE** is subject to forfeiture to the United States of America (*describe the property*):

$75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461.

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), concerning violations of 18 U.S.C. §§ 1343 and 1957.

The application is based on these facts:

    **See attached affidavit.**

☒ Continued on the attached sheet.

                                            /s/
                                     *Applicant's signature*

                      Christopher M. Phillips, Special Agent, FBI
                              *Printed name and title*

Sworn to before me and signed telephonically.

| | |
|---|---|
| October 20, 2021 at 11:46 am | *Judge's signature* |
| Date | |
| Sacramento, California | Carolyn K. Delaney, U.S. Magistrate Judge |
| City and State | *Printed name and title* |

**AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT**

1. I, Christopher M. Phillips, Special Agent, Federal Bureau of Investigation, Department of Justice, being duly sworn, depose and state the following:

**INTRODUCTION AND AFFIANT'S EXPERIENCE**

2. This affidavit is made in support of the United States' application for the issuance of a warrant to seize for civil forfeiture, the following:

    a.  $75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461.

3. The aforementioned asset is subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C). Based on the information set forth below, there is probable cause to believe the above-described asset constitutes or is derived from the proceeds traceable to an offense constituting a specified unlawful activity [as defined in 18 U.S.C. § 1956(c)(7)], specifically 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1957 (Money Laundering).

4. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to Sacramento, California, and submit the following information in support of a seizure warrant for the below-described asset. I have been employed as an FBI Special Agent for approximately twenty-three years and have received specialized training and experience in the investigation of financial crimes leading to successful prosecutions for violations of wire fraud, mail fraud, money laundering, securities fraud, and other violations of federal law.

5. The FBI's investigation into the business activities of Matthew Piercey began in April 2017 and I was assigned as the Case Agent regarding the investigation from its inception. I based this affidavit on facts gathered from my own investigation, the investigation of others, and on findings by FBI Forensic Accountant (FoA) Monica McGuire who is assisting me in this investigation. I have personally reviewed documents in the case, including an analysis of bank records prepared by FoA McGuire, and witness and defendant statements given in the course of this investigation. I have not included every fact known to me regarding this investigation, rather, only those facts necessary to establish probable cause are included in this affidavit.

## SUMMARY OF INVESTIGATION

6. On November 12, 2020, Matthew Piercey was indicted by a Federal Grand Jury in the Eastern District of California for his role in conducting an investment fraud scheme involving the solicitation and collection from investors of approximately $35 million during a period of July 2015 through about August 2020 (Case No. 2:20-CR-00211-TLN). On November 16, 2020, Piercey was arrested by the FBI in Redding, California, pursuant to the Indictment and has been in custody since the date of his arrest.

7. The Indictment alleges Piercey, who lived in and around Redding, California, from about January 2016, through August 2020, together with others, devised and participated in a material scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, promises, half-truths, omissions, and the concealment of material facts. The purpose of the scheme was to obtain investor funds, and to lull investors and discourage them from requesting to withdraw funds, for purported investments including, but not limited to, fixed return investments, investments in securities, investments through the use of algorithms, life insurance, cryptocurrency mining, and investments in a healthcare business known as TCC.

8. The Indictment alleges Piercey caused companies to be created, including Zolla Financial LLC, Zolla High Yield Fund LLC, Zolla Government Insured Fund LLC, and Zolla Realty Fund LLC as well as Family Wealth Legacy LLC, Family Wealth Legacy Investments LP, and Family Wealth Legacy Fixed Return Fund LLC. These companies shared common leadership and operated in material respects as single entities and are hereinafter referred to as Zolla and Family Wealth Legacy. These companies operated primarily in the state of California and the Eastern District of California.

9. The Indictment alleges that Piercey, together with others in some instances, induced investors to invest funds from their self-directed Individual Retirement Accounts (IRAs) and would cause the transfer of those monies to bank accounts controlled by Zolla and Family Wealth Legacy and that the finances and management of Zolla and Family Wealth Legacy were intertwined, including the frequent transfer of money between bank accounts controlled by each entity.

10. The Indictment alleges that Piercey and others made materially false and misleading statements, half-truths and omissions, including but not limited to statements, half-truths and omissions about commissions and fees, how and where invested funds would be used, the success of investment

strategies, the nature and success of trading algorithms, the liquidity of investments, the financial stability of Zolla and Family Wealth Legacy, the equity and assets of companies in Zolla including Zolla High Yield Fund LLC, the reason for directing investment funds to TCC, the nature of Piercey's relationship and financial arrangement between Piercey and TCC, the nature of TCC's relationship with Family Wealth Legacy and Zolla.

11. The Indictment alleges once investor funds were received, Piercey and others used those funds in ways contrary to what had been told to investors, including but not limited to, for commissions and fees, personal use, the purchase of real estate, expenses of Family Wealth Legacy and Zolla, investments other than algorithmic trading, investments other than what investors had requested, lulling payments to investors, a payment to a law firm, and cash withdrawals.

12. The Indictment alleges in furtherance of the scheme Piercey and others communicated with investors and each other using methods that involved interstate wires and also caused the use of interstate wires to receive and transfer investor funds in furtherance of the scheme.

13. The Indictment alleges as a result of the scheme Piercey and others raised at least $35 million from investors through Family Wealth Legacy, Zolla and funds routed through TCC, and paid approximately $8.8 million to investors and as a result of the scheme obtained personal benefits not limited to cash and purchased items.

14. The Indictment alleges Piercey knowingly, in furtherance of the scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures and sounds, in furtherance of the scheme, in 25 specifically enumerated counts including and between the dates of April 8, 2016 and April 7, 2020, all in violation of Title 18, United States Code, Section 1343.

15. Additionally, the Indictment alleges, in two specifically enumerated counts, Piercey conducted financial transactions which involved the proceeds of a specified unlawful activity, that is, among others, wire fraud in violation of Title 18 United States Code, Section 1343, knowing that the transactions were designed, in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of Title 18 United States Code, Section 1956(a)(1)(B)(i).

## FINANCIAL ANALYSIS OF PROPERTY TO BE SEIZED

**$75,000 (+) held in an Evolve Bank and Trust Account**

16. During my review of the bank record analysis, I noted a withdrawal of $75,000 from JP Morgan Chase Bank (JPMC) account number ending in 5300 held in the name of Zolla Financial LLC. The date of the withdrawal was November 2, 2018 and detail in the record identified the withdrawal as a wire transfer to an entity doing business as Synapse Financial.

17. Based on a financial analysis prepared by FoA McGuire, almost all of the funds deposited into the Zolla Financial LLC bank account ending in 5300 were derived from investor funds.

18. On November 24, 2020, FBI contract investigator Richard Snodgrass contacted KM, Head of Compliance, at Synapse Financial. KM told Snodgrass Synapse Financial had provided services to Zolla Financial that allowed investors to use an internet accessible mobile application (app) to take action regarding the investor's account. KM stated Synapse Financial required Zolla Financial to provide money to be placed in a reserve account to resolve potential contingencies and that the receipt of the $75,000, wired to Synapse by Zolla Financial, on or about November 2, 2018, satisfied that requirement. KM stated that the $75,000, plus an amount of accrued interest, was still being maintained by Synapse in a reserve account. On November 30, 2020, KM told Snodgrass the $75,000 is being held in an account at Evolve Bank & Trust identified as default reserve node identification number 5a989dcb192dde003be1b461.

## SUMMARY OF PROBALE CAUSE TO SEIZE ASSET

19. Based on the evidence identified above, including the statements of individuals and my review of documents obtained through my investigation, I believe that there is probable cause that Piercey was conducting a scheme to defraud and did defraud numerous investors. Further, there is probable cause to believe the $75,000 held in a reserve account by Synapse Financial at Evolve Bank and Trust, constitutes or is derived from proceeds traceable to an offense constituting a specified unlawful activity, specifically, wire fraud and money laundering in violation of 18 U.S.C. § 1343 and 1957 and that those monies are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

20. I also believe there is probable cause to believe that the asset named in paragraph 18 above, was involved in transactions in violation of 18 U.S.C. § 1957 (Engaging in monetary transactions in

property derived from specified unlawful activity in an amount over $10,000) and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

21. Pursuant to 18 U.S.C. § 981(b)(3), and notwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, a seizure may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found, or transmitted to the central authority of any foreign state for service in accordance with any treaty or other international agreement. There is substantial probability that the United States will prevail on the issue of forfeiture. Your affiant believes that a failure to issue a seizure warrant will result in the above-described asset being transferred, liquidated, destroyed and/or removed from the jurisdiction of this court and/or being made unavailable for forfeiture.

## **CONCLUSION**

22. Based upon the facts set forth in this affidavit, and my experience investigating fraud cases, I believe there is probable cause to issue a seizure warrant for the following property as proceeds traceable to a wire fraud and money laundering scheme:

    $75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461.

/s/
Christopher M. Phillips
Special Agent, FBI

Reviewed and approved as to form

/s/ Kevin C. Khasigian
Kevin C. Khasigian
Assistant U.S. Attorney

Sworn before me and signed telephonically
on this 20th day of October 2021 at 11:46 am

/s/ Carolyn K. Delaney
Hon. Carolyn K. Delaney
United States Magistrate Judge

5

# United States District Court

**EASTERN** District of **CALIFORNIA**

| | |
|---|---|
| In the Matter of the Seizure of<br>(*Briefly describe the property to be seized*) | **WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE** |
| $75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461. | CASE NUMBER: 2:21-sw-0808 CKD |

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the Western District of **TENNESSEE** be seized as being subject to forfeiture to the United States of America. The property is described as follows:

**$75,000 maintained at Evolve Bank & Trust in a default reserve account held in the Name of Zolla Financial, identified as Synapse Financial node number 5a989dcb192dde003be1b461.**

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property within 14 days in the daytime 6:00 a.m. to 10:00 p.m. You must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to CAROLYN K. DELANEY or Any U.S. Magistrate Judge in the Eastern District of California.

October 20, 2021 at 11:46 am
Date and Time Issued

*Judge's signature*

Sacramento, California
City and State

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| RETURN |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:

## CERTIFICATION

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.

_____    _____
U.S. Judge or Magistrate    Date